## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Corporate Systems Resources, Inc.<br>Plaintiff,<br>v.<br><br>Washington Metropolitan Area<br>Transit Authority<br>Serve:<br>600 5TH ST NW<br>Washington, DC 20001<br><br>And<br><br>LTK Consulting Services Inc. d/b/a<br>LTK Engineering Services<br>Serve:<br>Corporation Service Company<br>1090 Vermont Ave. NW<br>Washington, DC 20005<br>Defendants. | RECEIVED<br>Civil Clerk's Office<br>JUL 30 2013<br>Superior Court of the<br>District of Columbia<br>Washington, D.C.<br><br>Case No.<br><br>13 - 0005205 |

## COMPLAINT

COMES NOW Plaintiff, Corporate Systems Resources, Inc. ("CSR"), by its undersigned counsel, and bring this action against the Washington Metropolitan Area Transit Authority ("WMATA") and LTK Engineering Services ("LTK"). This dispute is an action for breach of contract, breach of covenant of good faith and fair dealing and unjust enrichment. Plaintiff seeks compensatory damages.

## Jurisdiction

1. Subject matter jurisdiction of this court is proper pursuant to the provisions of D.C. CODE ANN. §11-921(a) (1981).

2. Personal jurisdiction over the Defendants is proper pursuant to D.C.

CODE ANN. §§ 9-1107.01, 13-334; 13-422 and 13-423(a).

## Parties

3. Corporate Systems Resources, Inc. ("CSR") is a District of Columbia Corporation and located in Washington, D.C. CSR is a Washington Metropolitan Area Transit Authority ("WMATA") Certified Disadvantage Business Enterprise ("DBE") firm, Certification No.847. CRS is also a woman-owned and a small business under the Small Business Act.

4. The Washington Metropolitan Area Transit Authority ("WMATA") is a tri-jurisdictional government agency that operates transit service in the Washington Metropolitan Area. WMATA was created by the United States Congress as an interstate compact between the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.

5. LTK Consulting Services Inc d/b/a LTK Engineering Services ("LTK") is a foreign corporation registered and doing business in Washington, D.C from its office located at 1100 H St NW Washington, DC.

## Factual Background

6. WMATA awarded Contract CQ9205 ("Contract"), a professional services contract with LTK and Unified Industries Incorporated ("UII") to provide personnel for contract administration for WMATA's railcar engineering services project. Plf. Ex. 1.

2

7. CSR executed a subcontract to the Contract with UII on or about August 30, 2010. At that time, UII was the prime contractor of the Contract. Plf. Ex. 2.

8. CSR executed a subcontract under the Contract with LTK on or about January 5, 2012. LTK was a prime contractor under the Contract. Plf. Ex. 3.

9. The period of performance under the Contract was from the date of the contract award to include nine (9) one-year (fiscal year) options.

10. CSR performed all the services required under the contracts from which WMATA greatly benefited.

11. CSR submitted all documentation required by the contracts and invoiced for payments.

12. LTK and UII informed CSR that it had not received payment from WMATA for the work performed by CSR on the outstanding invoices.

13. After all reconciliation of payments, accounts and credits given, the Defendants owe the amount of $158,800.76 not including interest.

14. CSR has made demands for payment however the Defendants have failed and refuses to pay CSR for the services rendered for which payment is due and owing to CSR.

## COUNT I BREACH OF CONTRACT

15. CSR incorporates by reference the allegations contained in paragraphs 1-14 above as if fully set forth herein.

16. The parties entered into valid contracts for the services rendered services.

17. The Defendants breached the contract by failing to pay CSR for services rendered.

3

18. As a result of the Defendant's breach, CSR has incurred damages in the amount of plus interest, costs, and attorneys' fees.

WHEREFORE, based upon the foregoing, CSR respectfully seeks entry of an order: (i) granting judgment against the Defendant and in favor of CSR in the sum of $158,800.76, plus interest; (ii) granting court costs and attorneys' fees; and (iii) granting such other and further relief to CSR as is just and appropriate.

## COUNT II QUANTUM MERIT

19. CSR incorporates the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20. CSR provided valuable services to the Defendants under the contract.

21. The work performed by CSR benefited the Defendants.

22. The Defendants would be unjustly enriched if they were permitted to retain the benefits of the services rendered by CSR without having to pay for those services.

23. CSR is entitled to be paid the value of the services it provided to the Defendant.

24. The reasonable value of the services rendered by CSR to The Defendant is $158,800.76, the total amount of unpaid fees which CSR has invoiced the Defendant but which the Defendant has refused to pay.

WHEREFORE, CSR respectfully seeks entry of an order: (i) granting judgment against the Defendants and in favor of CSR for the sum of $158,800.76, plus interest; (ii) granting court costs and attorneys' fees; and (iii) granting such other and further relief to CSR as is just and appropriate.

## COUNT III ACCOUNT STATED

25. CSR incorporates the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

26. CSR provided services to the Defendants.

27. Since July 30, 2010 CSR has sent the Defendants invoices for services rendered.

28. CSR has repeatedly attempted to collect the amount past due on the invoices.

29. The Defendant has failed to pay the full amount of its liability to CSR for the sums billed and has not paid approximately $158,800.76.

WHEREFORE, based upon the foregoing, CSR respectfully seeks entry of an order: (i) granting judgment against the Defendant and in favor of CSR in the sum of $158,800.76, plus interest; (ii) granting court costs and attorneys' fees; and (iii) granting such other and further relief to CSR as is just and appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, CSR respectfully seeks entry of an order: (i) granting judgment against the Defendants and in favor of CSR for the sum of $158,800.76, plus interest; (ii) granting court costs and attorneys' fees; and (iii) granting such other and further relief to CSR as is just and appropriate.

MOTLEY WALLER LLP

_____

Lloyd J. Jordan (DC Bar# 480203)
Attorney for Defendant
1155 F Street NW, Suite 1050
Washington, DC 20004
(202) 559.8827
lloyd.jordan@motleywaller.com



PLAINTIFF'S EXHIBIT 1



June 3, 2010

Frederick H. Landell
Vice President
LTK Engineering Services, Inc.
100 W. butler Avenue
Ambler, Pennsylvania 19002

Subject: Notice of Contract Award – CQ9205
Railcar Vehicle Engineering Consultant Services

Dear Mr. Frederick H. Landell:

The Washington Metropolitan Area Transit Authority is hereby awarding contract CQ9205 for Railcar Engineering Services to LTK for the base period of services and for nine one-year options. The attached contract award documents are submitted for your approval for the initial contract award which is for the base period of performance (June 3, 2010 through June 30, 2010 and the first one year option (July 1, 2010 through June 30, 2011). Please sign and return at your earliest opportunity.

Please email your signed award document to George W. Fletcher, Contract Administrator at: gfletcher@wmata.com and it will be promptly signed by Kevin A. Green, Contracting Officer and emailed to you as a fully executed contract award. The contract is based on LTK's BAFO proposal and revised pricing schedule submitted to WMATA on March 24, 2010. All terms and conditions of the contract remain unchanged. If you have any questions, please call George Fletcher, the Contract Administrator at (202) 962-1282 or e-mail: gfletcher@wmata.com.

Sincerely,

Kevin A. Green
Contracting Officer
Office of Procurement
And Materials

Received by: _____ June 03, 2010
Frederick H. Landell                        Date

c/ mydocuments/consultantservicesltk/contractawardLTK/May28/2010

Washington Metropolitan Area Transit Authority

600 Fifth Street, NW
Washington, DC 20001
202/962-1234

By Metrorail:
Judiciary Square—Red Line
'ery Place-Chinatown—
Red, Green and
Yellow Lines
By Metrobus:
Routes D1, D3, D6, P6,
70, 71, 80, X2

A District of Columbia,
Maryland and Virginia
Transit Partnership

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
SUPPLY AND SERVICE CONTRACT                                   RFP CQ-9205/GWF

## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
## SOLICITATION, OFFER AND AWARD

| CONTRACT NO. | SOLICITATION NO. RFP-CQ-9205/GWF | DATE ISSUED | ADDRESS OFFER TO DEPT. OF PROCUREMENT |
|---|---|---|---|
| CQ-9205 | ☐ ADVERTISED  ☒ NEGOTIATED | 06/03/2010 | Office of Procurement and Materials 600 Fifth Street, N.W. Room 3C-02 Washington, DC 20001-2651 |

In advertised procurement, "offeror" shall be construed to mean "bid" and "bidder."

### SOLICITATION

Sealed offer in original and __Two (2)__ copies for furnishing the supplies or services in the schedules will be received at Authority until __2:00 P.M.__ local time __LTK BAFO March 24, 2010__

If this is an advertised solicitation, offers will be publicly opened at that time.
CAUTION -- LATE OFFERS: See paragraph 6 of Solicitation Instructions.
All offers are subject to the following:
1. The Solicitation Instructions which are attached.
2. The General Provisions, which are attached.
3. The Schedule included herein and/or attached hereto.
4. Such other provisions, representations, certifications, and specifications, as are attached or incorporated herein by reference.

FOR INFORMATION CALL (No collect calls) __George W. Fletcher (202) 962-1282__

### SCHEDULE

| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | **Railcar Vehicle Engineering Consultant Services (See Price Schedule Next Pages)** (See continuation of schedule on page 2) | | | | |

DUN & BRADSTREET ID NUMBER:

### OFFEROR

Name and Address (Street, city, county, state, and zip code): **LTK Engineering Services, 100 West Butler Ave., Ambler, PA 19002**

Name and Title of Person Authorized to Sign Offer (Print or Type): RICK LANDELL, V-P NORTHEAST

Signature: [signed]   Offer Date: June 03, 2010

☒ Check if remittance is different from above — enter such address in Schedule

### AWARD (To be completed by The Authority)
ACCEPTANCE AND AWARD ARE HEREBY MADE FOR THE FOLLOWING ITEM(S):

| ITEM NO. | QUANTITY | UNIT | UNIT PRICE |
|---|---|---|---|
| SEE AWARD SCHEDULE NEXT PAGE | | | |

The total amount of this award is $ __3,714,775.00__

Kevin A. Green
Name of Contracting Officer (Print or Type)          WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY          AWARD DATE: 06.03.2010

1

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
SUPPLY AND SERVICE CONTRACT                                    RFP CQ-9205/GWF

# AWARD SCHEDULE

The contract award is for the base period of performance and option year 1 as follows:

- The base period of the contract is from date of contract award through June 30, 2010.
  ### Estimated Value is $500,000.00

- The period of performance for Option Year 1 is July 1, 2010 through June 30, 2011.
  ### Estimated Value is $3,714,775.00

## FORM OF CONTRACT:

- An Indefinite Delivery – Task Order type contract for vehicle engineering consultant Services.

- The initial contract award amount is zero dollars. Funding will be made upon issuance of individual task orders throughout each contract year.

- LTK will submit a list of direct labor hourly rates for all persons planned for task order assignments for each fiscal year. This annual list of rates is to be approved by the WMATA COTR and the WMATA Contracting Officer. The approved list of rates will be set for the fiscal year and will be used by LTK to price all requested work order proposals. The VEC proposal for each work order will be negotiated for a not to exceed amount and a notice to proceed will be issued. LTK is to follow the terms and conditions and technical specifications contained in this contract CQ-9205.

- Award of Contract CQ-9205/GWF incorporates the following:

    a. Contract CQ-9205 dated May 28, 2010 includes RFP CQ9205/GWF issued June 18, 2009(Solicitation Instructions, Representations and Certifications, General provisions, Special Provisions, DBE Appendix B, Technical specifications for RAIL Vehicle Engineering Consultant Services; Amendments 1 through 5).

    b. LTK Engineering Services proposal (technical and price proposal) submitted August 3, 2009, BAFO proposal submitted November 20, 2009 and the BAFO revised pricing schedule submitted March 24, 2010 and the signed amendments 1 through 5.

2





**LTK**
**LTK Engineering Services**
:mber of The Klauder Group

100 West Butler Avenue
Ambler, PA 19002
215-542-0700
215-542-7676 FAX

November 22, 2011
LTK Project No. C3788

Ms. Glenda Taylor
President
Corporate Systems Resources, In.c
1200 G Street
Suite 800
Washington, DC 20005-6705

RE: Washington Metropolitan Area Transit Authority (WMATA)
Railcar Vehicle Engineering Consultant Services
(Contract No. CQ9205)

Subject: Subcontractor Letter Agreement

Dear Mr. Porter:

Washington Metropolitan Area Transit Authority ("WMATA") has entered into a Contract with LTK Engineering Services ("LTK") to provide professional Railcar Engineering Services to effective November 1, 2011. The terms and conditions of this Contract are attached as Exhibit I. It is understood that this Contract is made part of this Letter Agreement and whenever in said Contract there is a reference to WMATA or the Authority, such reference shall be deemed to include LTK, and whenever there is a reference to the Contractor, such reference shall be deemed to mean Corporate Systems Resources, Inc. ("CSR").

Under the terms and conditions of this Contract LTK is permitted to retain Subcontractors to perform a portion of the services.

LTK desires to retain CSR to provide services under this Contract. The scope of services to be provided under this Contract is shown in Attachment A - Scope of Services and Authorized Task Orders. CSR services will be provided at the direction of LTK's Project Manager, Richard Annechini, or his designated replacement. CSR shall be compensated for the services provided as detailed on each individual task order. Pursuant to the language of the contract, the burdened rates are subject to review by WMATA's audit group. Should the review result in a change to the rates, the invoices will be adjusted to reflect the change.

Invoices for such services and supporting documentation should be submitted on a monthly basis and be received by LTK on or before the first day of the following month. Separate invoices shall be submitted for each task. Invoices should be sent to the following:

To: Ms. Glenda Taylor, CSR, Inc,  November 22, 2011
Subject: WMATA Contract No. CQ9205 Subcontractor Letter Agreement  Page 2

      LTK ENGINEERING SERVICES
      100 West Butler Avenue
      Ambler, PA 19002
      Attn:  Ms. Sharon Knorr
             Manager of Project Administration

    Payments due to CSR under this Letter Contract shall be made within ten calendar days after receipt of payment by LTK from WMATA. Any payments due to CSR by LTK are contingent upon LTK receiving payment from WMATA.

    This Letter Agreement is effective from November 1, 2011 to June 30, 2012.

    As this Letter Agreement has been executed in duplicate by LTK Engineering Services, kindly indicate your acceptance of the terms and conditions by signing both copies and returning one original to Ms. Sharon M. Knorr, Manager of Project Administration at the above address. With the return of this Letter Agreement, please also include your current Insurance Certificate evidencing insurances as required by Part II – Special Provisions, page 9, Article 12.0 – General Insurance Requirements; as well as a copy of your Disadvantage Business Enterprise (DBE) certification as it applies to this project.

    Please do not hesitate to contact Sharon Knorr at (215) 540-8617 if you have any questions regarding the enclosed or need any additional information.

                              Sincerely,

                              LTK ENGINEERING SERVICES

                              Christopher M. Lawlor
                              Vice President – CFO

ACCEPTED: _____

DATED:     1/5/2012

c:    R. Annechini      R. Landell      S. Knorr

# Scope of Services
## Project Control Support
## Contract CQ9205
## Fiscal Year 2012

| | | |
|---|---|---|
| A. | Task Order Title: | Project Control Support |
| B. | Task Order Number: | 12-CQ9205-CENV-16 |
| C. | Objective: | Provide procurement support to assist the Office of Procurement and Materials on Rail Vehicle & TSSM projects. |
| D. | Period of Performance | November 1, 2011 through June 30, 2012 |
| E. | Scope of Services | Contract Administration |



PLAINTIFF'S EXHIBIT 3

## Unified Industries Incorporated

August 18, 2010

Corporate Systems Resources, Inc.
1200 G Street, NW, Suite 800
Washington, DC 20005
Attn: Ms. Glenda Taylor, President

Subject: Subcontract 6502-2

Dear Ms. Taylor:

Enclosed is the subject subcontract between Unified Industries Incorporated (UII) and corporate Systems Resources, Inc. (CSRI) awarded under the authority of the Washington Metropolitan Area Transit Authority's (WMATA) prime contract CQ9205 with LTK Engineering Services, Inc. (LTK) to provide professional Railcar Engineering Services.

The scope of services to be provided under this subcontract is shown in the attached Statement of Work.

With the return of this subcontract, please also include your current Insurance Certificate listing UII as an additional insured for general liability and workman's compensation insurances in the amounts listed in Special Provisions Article 12.0 – General Insurance Requirements.

Please do not hesitate to contact UII if you have any questions regarding the enclosed.

Sincerely,

Paul J. Galvin
Executive Vice President Operations

Enclosures (4)
- Subcontract
- Statement of Work
- General Provisions
- Special Provisions

SUBCONTRACT NO. 6502-2
between
UNIFIED INDUSTRIES INCORPORATED
and
CORPORATE SYSTEMS RESOURCES, INC.

This AGREEMENT (hereinafter also referred to as the "Subcontract"), is made by and between Unified Industries Incorporated (UII), a Delaware corporation located at 6551 Loisdale Court, Suite 400, Springfield, VA 22150-1854 (hereinafter called the "1st Tier Subcontractor") and Corporate Systems Resources, Inc. (CSRI), having a principal place of business at 1200 G Street, NW, Suite 800, Washington, DC 20005 (hereinafter called the "2nd Tier Subcontractor").

PREMISES

WHEREAS, the 1st Tier Subcontractor has been awarded Subcontract C3788 by LTK Engineering Services (LTK) to provide contract administration services at the Washington Metropolitan Area Transit Authority (WMATA), hereinafter called the "Contract," and as more fully described in the Statement of Work (SOW) attached thereto, which is hereinafter called the "Project";

NOW THEREFORE, in consideration of the mutual covenants and promises herein set forth and the other good and valuable considerations, the parties hereto do agree as follows:

ARTICLE 1. PERIOD OF PERFORMANCE

1.1 The period of performance for this Subcontract is 30 July 2010 through 30 June 2011. This subcontract period of performance will be extended as options to the prime contract are exercised.

1.2 The 2nd Tier Subcontractor shall not be required to perform any work under this Subcontract beyond the period of performance set forth herein unless such period is extended in writing by mutual agreement prior to the expiration of the term specified in the Subcontract.

ARTICLE II. COST

2.1 This is a Time and Materials (T&M) Subcontract.

2.2 This Subcontract shall not exceed 1,815 hours @$100.00 for a not-to-exceed total of $181,500.00 for the services of Ms. Olivia Reynolds as a Contract Administrator for the Office of Procurement of Rail Vehicle (CENV). The current authorized funding is $68,970.00.

ARTICLE III. RELATIONSHIP OF THE PARTIES

3.1 The parties shall act as independent contractors and neither party shall act as agents for or partners of the other party for any purpose whatsoever, and the employees of one shall not be deemed the employees of the other.

3.2 All formal contacts with the LTK technical personnel relative to the Project shall be by the 1st Tier Subcontractor, or with the approval of the 1st Tier Subcontractor. Designated 2nd Tier Subcontractor personnel are authorized to coordinate with WMATA relative to day-to-day activities and routine technical matters. Contact with LTK contracts personnel shall be exclusively by the 1st Tier Subcontractor.

3.3 The 1st Tier Subcontractor senior program manager will manage and control all aspects of the Project. He will perform the necessary planning and organizing to control and plan assignments, direct the efforts, fulfill the need, and provide the required guidance to the 2nd Tier Subcontractor. The 1st Tier Subcontractor senior program manager will coordinate the 2nd Tier Subcontractor's activities through the 2nd Tier Subcontractor's senior program manager. Both senior program managers will be fully responsible to their respective corporate managements for providing the level of support required to meet the needs identified in the Project.

ARTICLE IV. PERFORMANCE

4.1 The 2nd Tier Subcontractor is bound by all applicable terms, conditions, and provisions of the Contract as imposed on the 1st Tier Subcontractor by LTK.

4.2 In the case of termination for convenience, the 1st Tier Subcontractor shall thereupon have the obligation to reimburse the 2nd Tier Subcontractor for all costs and fees through the effective date of termination that are applicable and allocable on this Subcontract.

ARTICLE V. ORDER OF PRECEDENCE

In the event of inconsistency between provisions of this Subcontract and those of the Contract, the inconsistency shall be resolved by giving precedence in the following order:

a.  Subcontract articles.
b.  Provisions from the Contract (attached).

ARTICLE VI. SUBMISSION OF INVOICES FOR REIMBURSEMENT

6.1 Billing from the 2nd Tier Subcontractor shall be submitted monthly with supporting documentation for material and travel expenses, and be received by the 1st Tier Subcontractor on or before the first day of the following month. The 1st Tier Subcontractor will pay the 2nd Tier Subcontractor within ten (10) days after receipt of payment from LTK.

6.2 Invoices shall provide the labor category and hours performed multiplied by the authorized rate.

ARTICLE VII. DISPUTES

Should a dispute arise between the 1st Tier Subcontractor and 2nd Tier Subcontractor personnel working on this proposal, every effort will be made to resolve the difference by the same personnel and their respective supervisors, and senior program managers, if necessary. If they are unsuccessful, the Parties agree to use and abide by the decision of the American Arbitration Board.

ARTICLE VIII. TERMINATION OF AGREEMENT

Except as otherwise expressly provided in Article IV Performance, and unless extended by mutual written agreement of the parties, this Subcontract shall automatically expire upon the completion of the period of performance as stated in Article I or any mutually agreed upon extension, and the full payment of all monies due and disposition of all obligations hereunder to the 2nd Tier Subcontractor by the 1st Tier Subcontractor.

ARTICLE IX. COMMITMENTS

Nothing in this Subcontract shall grant to either the 1st Tier Subcontractor or the 2nd Tier Subcontractor the right to make commitments of any kind for or on behalf of the other party without prior written consent of the other party.

ARTICLE X. PUBLICITY AND NEWS RELEASE

No releases shall be made to the news media or the general public relating to participation on the Project without the prior written approval of the 1st Tier Subcontractor, which approval shall not be unreasonably withheld. The parties further agree that news releases made by either of them shall recognize the participation and contributions of the other party.

ARTICLE XII. INDEMNITY

The employees of the 1st Tier Subcontractor and the 2nd Tier Subcontractor shall obey all pertinent rules and regulations of the other party while on the premises of the other party,

including those relating to the safeguarding of classified information. Each party agrees to indemnify and save harmless the other party from and against all claims for property damage or personal injury (including death) of any of the other party's employees or agent, to the extent any such damage, injury or death is caused by any act or omission to act, including negligence, of the indemnifying party's employees or agents in connection with performance under this Subcontract.

ARTICLE XIII. ENTIRE AGREEMENT

The foregoing Articles contain the entire Subcontract between the parties which supercedes any prior oral or written agreement, commitments, understandings, or communications with respect to the subject matter of this Subcontract.

EXECUTION

The parties hereto vouch and affirm that this Subcontract supercedes any and all prior written or oral agreements between them and that it contains and embodies the entire agreement between them. They further agree that the Subcontract may not be modified or added to except by a written agreement signed by both parties.

IN WITNESS WHEREOF, the parties hereto have executed the agreement below.

| Unified Industries Incorporated | Corporate Systems Resources, Inc. |
|---|---|
| By: _____ | By: _____ |
| Paul J. Galvin | Glenda Taylor |
| Executive Vice President Operations | President |
| Date: 8/30/2010 | Date: 8/27/2010 |

4

**Scope of Services**
**Contract CQ9205**
**Fiscal Year 2011**

A.  Task Order Title:   Rail Procurement Support

B.  Task Order Number:   11-CQ9205-CENV-16

C.  Objective:   Provide procurement support to assist the Office of Procurement and Materials on Rail Vehicle and TSSM projects.

D.  Period of Performance:   07/01/10 through 06/30/11 (Fiscal Year 2011)

E.  Scope of Services:

   I.  General

   1.  Contractor to provide four (4) full-time consulting personnel for supporting the Office of Procurement on Rail Vehicle (CENV) projects.

   2.  Contractor to provide two (2) full-time consulting personnel for supporting the Office of Procurement on Track and Structures/Systems Maintenance (TSSM) projects.

   3.  Detailed objectives and technical direction shall be provided by the WMATA Contracting Officer for all six (6) consulting personnel.

   4.  Metro will provide office space, computers, phones and access to intranet/internet.

   II.  Responsibilities

   1.  Provide contract administrative support for preparation of solicitations for bids and proposals on all assigned contracts.

   2.  Prepare all contract documents required to support solicitation and contract award.

   3.  Assists in developing the WMATA position for negotiations with contractors.

   4.  Assists in solving problems and explaining acquisition requirements.

   5.  Hold discussions with WMATA personnel and with industry representatives concerning contract pricing and other contractual matters.

   6.  May be required to participate in pre-bid and proposal conferences.

## Scope of Services
## Contract CQ9205
## Fiscal Year 2011

**Task Order Number:** 11-CQ9205-CENV-16
**Task Order Title:** Rail Procurement Support

7. Interface with assigned CA (Contract Administrator) for guidance on process and procedures.

8. Prepare contract file with all required documents for CO approval to place in Contract File Room.

9. Develop written funding justification for Metro Electronic Action Documents (MEADs) on contract actions requiring Board approval.

10. Provide recommendations to WMATA personnel on streamlining and/or improving procurement processes.

11. Works with WMATA personnel to select the appropriate contract type for a specified effort.

12. Assists in source selection plan development.

13. Briefs and discusses with the Contracting Officer and Contract Administrators progress and approach on procurement assignments.

14. Performs related duties as required and as directed by the Contracting Officer.

III. <u>Knowledge, Skills and Abilities</u>

1. Knowledge, experience and formal training in Federal and Government Procurement Policies and Procedures.

2. Knowledge, skills and abilities in Equipment, Supply and Services and Construction Services Contracts.

3. Ability to conduct effective negotiations for complex and difficult contracts and contract modifications and claims, with the ability to achieve maximum favorable outcome for WMATA interests.

4. Ability to assist WMATA negotiating teams for competitively negotiated contracts and for the resolution of complex change orders and claims.

5. Skill in financial and quantitative analysis to analyze contractor financial statements and perform extensive computations on cost/price data.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Corporate Systems Resources, Inc.

**Plaintiff**

C.A No. 2013 CA 005205 B

vs.
Washington Metropolitan Area Transit Authority &
LTK Consulting Services Inc, d/b/a LTK Engineering Services
**Defendant(s)**

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT AND INITIAL ORDER

TO: Washington Metropolitan Area Transit Authority

ADDRESS: 600 5th ST NW

Washington, DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate your authority under your signature.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint may be granted.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on August 1, 2013 (insert date mailed).

_____          8/1/2013
Signature of sender                      Date signed

### Acknowledgment of Receipt of Summons, Complaint and Initial Order
I received a summons, copy of the complaint and initial order in the above captioned matter at

_____

Signature          Relationship to defendant/          Date signed
                   Authority to receive service of process

August 2010 – 1212.10.v1